UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24156-Civ-COOKE/BANDSTRA

CLIFFORD WILLIAMS,

    Plaintiff
vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

THIS MATTER is before me on Defendant's Motion to Compel Arbitration. (ECF No. 6). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Defendant's Motion is granted in part.

### I. BACKGROUND

Plaintiff Clifford Williams filed this action alleging that he sustained injuries while working as a seafarer aboard Defendant Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean") vessel. Mr. Williams alleges two counts against Royal Caribbean, arising under the Jones Act, 46 U.S.C. § 688: (i) failure to provide maintenance and cure; and (ii) failure to treat.

Royal Caribbean seeks to compel arbitration pursuant to a Sign on Employment Agreement ("SOEA"), which Mr. Williams signed. The SOEA expressly incorporates the Collective Bargaining Agreement ("CBA") between Royal Caribbean and the Norwegian Seafarers' Union. (ECF No. 6-1, at 1). The SOEA contains an arbitration provision, which provides:

> all grievances and any other dispute whatsoever, whether in contract, regulatory, tort or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's services for the Owners/Company, including but not limited to claims for personal injury or death . . . shall be referred to and resolved exclusively by binding arbitration pursuant to the United States Conventions on Recognition and Enforcement of Foreign Arbitral Awards . . . . Any arbitration shall take place in

1

>  the Seafarer's country of citizenship or the ship's flag state, in the parties' discretion, unless arbitration is unavailable under the Convention in those countries, in which case only said arbitration shall take place in Miami, Florida.

(ECF No. 6-1, at 2).  The CBA contains a choice-of-law clause, which provides, in relevant part, "The procedural and substantive law of the arbitration shall be the law of Norway without regard to conflict of law principles." CBA, Art. 35.3; ECF No. 6-2.  The CBA also contains a severability clause, which provides, that "[a]ny provision of this Agreement that is determined in any jurisdiction to be unenforceable for any reason shall be deemed severed from this Agreement in that jurisdiction only and all remaining provisions shall remain in full force and effect." CBA, Art. 37; ECF No. 6-2.

## II. LEGAL STANDARDS

A court conducts a very limited inquiry in deciding a motion to compel arbitration under the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").  *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted).  A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, or (2) one of the Convention's affirmative defenses applies.  *Id.* at 1294-95.  The four jurisdictional prerequisites are (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.  *Id*. at 1294, n.7

## III. ANALYSIS

As an initial matter, I note that the Plaintiff does not dispute that the arbitration agreement meets all four *Bautista* jurisdictional prerequisites.  Plaintiff signed the SOEA, which obligates him

to arbitrate. The SOEA requires that arbitration take place "in the Seafarer's country of citizenship or the ship's flag state." Mr. Williams is a citizen of St. Vincent. Compl. ¶ 1. The vessel's flag state is the Bahamas. Def.'s Mot. to Compel 8. St. Vincent and the Bahamas are both signatories of the Convention. The arbitration agreement meets the third *Bautista* prong because Mr. Williams was, during all material times, an employee of Royal Caribbean. 396 F.3d at 1300 (holding that employment contracts are commercial legal relationships under the Convention). Finally, Plaintiff satisfies the fourth *Bautista* prong because he is a citizen of St. Vincent.

Even if the agreement meets the jurisdictional prerequisites, a court must further inquire into whether any affirmative defenses in the Convention apply. *Bautista*, 396 F.3d at 1301-02 ("The Convention requires that courts enforce an agreement to arbitrate unless the agreement is 'null and void, inoperative or incapable of being performed.'" (quoting Convention, art. II(3))). "Article V of the Convention provides specific affirmative defenses to a suit that seeks a court to compel arbitration," including when the enforcement of the award would be contrary to the public policy of the United States. *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1120 (11th Cir. 2009). An arbitration clause is null and void as a matter of public policy where it deprives the plaintiff of a U.S. statutory right. *Id*. at 1122-23. In contrast, "arbitration clauses should be upheld if it is evident that either U.S. law definitely will be applied or if there is a possibility that it might apply *and* there will be later review." *Id*. at 1123 (emphasis in original).

Here, the choice-of-law provision in the arbitration agreement specifies that Norwegian law will apply.[1] The choice-of-forum provision in the SOEA specifies that arbitration shall take place

---

[1] Defendant notes that it has agreed to stipulate to the application of U.S. law in arbitration. (*See* ECF No. 18-1, at 1). Defendant argues that its offer of stipulation provides the possibility that U.S. law might apply, if Plaintiff agrees. However, Defendant's offer of stipulation does not resolve this matter because a stipulation requires the consent of counsel for both parties. *See Krstic v. Princess Cruise Lines, Ltd*., 706 F. Supp. 2d 1271, 1279 (S.D. Fla. 2010) (finding choice-of-law clause void as a matter of public policy despite Defendant's offer to stipulate to applicability of U.S. law); *Dockeray v. Carnival Corp*., 724 F. Supp. 1216, 1226 (S.D. Fla. 2010) (same).

in St. Vincent or the Bahamas.  The two clauses operate in tandem to impermissibly limit Plaintiff's U.S. statutory remedies.  The choice-of law clause is therefore void as a matter of public policy pursuant to *Thomas*.

"Courts faced with arbitration agreements proscribing statutorily available remedies have either severed the illegal provision and ordered arbitration, or held the entire agreement unenforceable."  *Krstic*, 706 F. Supp. 2d at 1279 (quoting *Perez v. Globe Airport Sec. Servs., Inc.*, 253 F.3d 1280, 1286 (11th Cir. 2001)) (internal quotations omitted); *see also Meneses v. Carnival Corp.*, 731 F. Supp. 2d 1332, 1336 (S.D. Fla. 2010) ("Where, as here, an arbitration agreement contains a severability provision, a court may choose to excise any invalid provision of the underlying contract.").

"Courts finding severance appropriate rely on a severance provision in the arbitration agreement, or the general federal policy in favor of enforcing arbitration agreements."  *Perez*, 253 F. 3d at 1286.  Here, there is both a severance provision and a strong policy favoring arbitration.  The severability provision that stands separate and apart from the unenforceable choice-of-law provision— Article 37 of the CBA contains the severability provision, while paragraph 3 of Article 35 of the CBA contains the choice-of-law provision.  In light of the strong policy interest in favoring commercial arbitration, severing the CBA's choice-of-law provision is most appropriate remedy.  *See, e.g.*, *Meneses*, 731 F. Supp. 2d at 1336 (King, J.) (severing stand-alone choice-of-law clause from arbitration agreement to otherwise enforce agreement); *Kristic*, 706 F. Supp. 2d at 1336 (Gold, J.) (same); *Dockeray*, 724 F. Supp, at 1227 (Altonaga, J.) (same).  This case shall be stayed pending arbitration.  *Bender v. A.g. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.").

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Compel Arbitration (ECF No. 6) is **GRANTED in part**.

2. The choice-of-law provision contained in the CBA, paragraph 3 of Art. 35, is hereby **STRICKEN**. The Parties shall treat this provision as null and void.

3. The Parties shall submit to binding arbitration in accordance with the arbitration clauses in the SOEA and the CBA. The arbitrator shall apply U.S. law.

3. This case is **STAYED**. This Court retains jurisdiction to enforce the arbitral award, if appropriate.

4. The Clerk is directed to *administratively* **CLOSE** this case.

5. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 18TH day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*